## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DELTITO<br>81 Whetstone Road<br>Horsham, PA 19044 and | : | CIVIL ACTION |
| | : | |
| | : | No. _____ |
| MARCELLA GRINGERI<br>81 Whetstone Road<br>Horsham, PA 19044 | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19102-1595    and | : | |
| | : | |
| OFFICER TIMOTHY BOGAN<br>Badge No. 3358<br>Individually and in his official capacity<br>as a Philadelphia Police Officer<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19102-1595    and | : | |
| | : | |
| OFFICER ANTHONY COLEMAN<br>Badge No. 7510<br>Individually and in his official capacity<br>as a Philadelphia Police Officer<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19102-1595    and | : | |
| | : | |
| OFFICER JOSEPH COONEY<br>Badge No. 2912<br>Individually and in his official capacity<br>as a Philadelphia Police Officer<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19102-1595    and | : | |

OFFICER GINA JACKSON                          :
Badge No. 6360                                :
Individually and in her official capacity     :
as a Philadelphia Police Officer              :
One Parkway                                   :
1515 Arch Street                              :
Philadelphia, PA 19102-1595     and           :
                                              :
OFFICER JAMES NORBURY                         :
Badge No. 2610                                :
Individually and in his official capacity     :
as a Philadelphia Police Officer              :
One Parkway                                   :
1515 Arch Street                              :
Philadelphia, PA 19102-1595     and           :
                                              :
LIEUTENANT OTTO                               :
(FIRST NAME UNKNOWN)                          :
Badge No. 413                                 :
Individually and in his official capacity     :
as a Philadelphia Police Officer              :
One Parkway                                   :
1515 Arch Street                              :
Philadelphia, PA 19102-1595     and           :
                                              :
OFFICER WILLIAM TORPEY                        :
Badge No. 8818                                :
Individually and in his official capacity     :
as a Philadelphia Police Officer              :
One Parkway                                   :
1515 Arch Street                              :
Philadelphia, PA 19102-1595     and           :
                                              :
OFFICER THWAITES                              :
(FIRST NAME UNKNOWN)                          :
(Badge No. Unknown)                           :
Individually and in his official capacity     :
as a Philadelphia Police Officer              :
One Parkway                                   :
1515 Arch Street                              :
Philadelphia, PA 19102-1595     and           :
                                              :

OFFICER KEVIN WILLIAMS            :
Badge No. 9940                    :
Individually and in his official capacity :
as a Philadelphia Police Officer  :
One Parkway                       :
1515 Arch Street                  :
Philadelphia, PA 19102-1595    and :
                                  :
OFFICER DORIAN YOUNG              :
Badge No. 2666                    :
Individually and in his official capacity :
as a Philadelphia Police Officer  :
One Parkway                       :
1515 Arch Street                  :
Philadelphia, PA 19102-1595       :
                                  :
            Defendants.           :
_____:

## CIVIL ACTION COMPLAINT

The above-named Plaintiffs, by and through their undersigned counsel, hereby aver as follows:

### I.      Introduction

1.      Plaintiffs Michael DelTito and Marcella Gringeri (hereinafter "Plaintiffs") have initiated this action against the above-named Defendants to seek redress for wrongful arrest and detention in violation of applicable federal and state law.

### II.      Parties

2.      The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3.      Plaintiffs are adult individuals currently residing at the above address.

4.     Defendant, City of Philadelphia (hereinafter "Defendant City of Philadelphia") is a municipality of the first class in the Commonwealth of Pennsylvania with an address as referenced above.

5.     At all times relevant herein, Defendant City of Philadelphia acted through its agents, servants and employees (including but not limited to the individual Defendants named herein), each of whom acted within the course an scope of his or her employment.

6.     Officer Timothy Bogan is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

7.     Officer Anthony Coleman is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

8.     Officer Joseph Cooney is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

9.     Officer Gina Jackson is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

10.    Officer James Norbury is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

11.    Lieutenant (First Name Unknown) Otto is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

12.    Officer William Torpey is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

13.    Officer (First Name Unknown) Thwaites is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

14.     Officer Kevin Williams is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

15.     Officer Dorian Young is an adult individual who worked at all times relevant hereto as a Philadelphia Police officer with a business address as referenced above.

16.     At all times relevant herein, all the above-named Defendants acted under color of state law.

### III.        Jurisdiction and Venue

17.     The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18.     The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

19.     The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

20.     Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants are located in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Defendants' violations of Plaintiffs' Constitutional rights occurred in the Eastern District of Pennsylvania).

## IV.        **Factual Background**

21.    The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

22.    On or about November 18, 2008, Plaintiff Michael Deltito was a student at Temple University and Plaintiff Marcella Gringeri was a student at LaSalle University.

23.    On or about November 18, 2008, Plaintiff Michael Deltito leased a room on the 3rd floor of a six-room apartment building located at 2210 Camac Street in Philadelphia, PA 19033.

24.    Every room in Plaintiff Deltito's building with the exception of the first floor (which was a common tenant area) had a separate lock and there was a separate lease for each room.

25.    At approximately 7:30 p.m. on November 18, 2008, Plaintiffs were watching television with some four other tenants and two or three neighbors in the first floor common area of the aforesaid apartment building.

26.    At the aforesaid date and time, the individual Defendant police officers burst through the first-floor door with guns drawn, without knocking or announcing themselves as police officers, and loudly advised those assembled to "get on the fucking ground."

27.    The Defendant police officers proceeded to break into and search each of the six bedrooms in the apartment building, including the room leased by Plaintiff Deltito, without basis, and physically search Plaintiffs in an unnecessarily rough and insulting manner.

28.    Plaintiffs had committed no crime and the Defendant police officers in fact had no evidence of criminal activity against them whatsoever.

29.    The Defendant police officers had no probable cause to search Plaintiffs or Plaintiff Deltito's third-floor dwelling.

30.    The Defendant police officers overturned the furniture and other personal belongings of Defendant Deltito while unnecessarily searching his room and personal belongings.

31.     Defendant Bogan eventually pointed to Plaintiff and advised the other officers present that "he goes," (meaning he was to be arrested) despite the fact that Defendants had no evidence that Plaintiff Deltito was involved in criminal activity.

32.     Some of the other officers involved in the search disagreed with Defendant Bogan's directive but Plaintiff Deltito was arrested nonetheless.

33.     Plaintiff Gringeri was also unnecessarily arrested despite the fact that Defendants had absolutely no evidence of criminal activity on her part.

34.     Defendant Bogan advised Plaintiffs that "'you are not cooperating, maybe you'll win but you'll be in jail for Thanksgiving."

35.     Defendants also advised Plaintiffs that " . . . Mommy and Daddy won't be able to pay for your college after this."

36.     After Plaintiff Deltito was taken outside to the police van to be transported, Defendants assaulted him and he was punched in the testicles.

37.     Plaintiff each spent over a week in jail in intolerable and disgraceful conditions as a result of the baseless arrest by Defendants.

38.     During a bail hearing well after Plaintiffs' arrest, a Judge reviewing the facts of the case advised the prosecutor that there was absolutely no evidence against Plaintiffs and reduced bail as a result.

39.     Defendants were well aware there was no evidence against Plaintiffs and arrested them nonetheless with the intention of harassing them and depriving them of their rights under the United States Constitution.

40.     All charges against Plaintiffs were eventually dropped and no evidence was ever presented against them by any of the named Defendants.

## FIRST CAUSE OF ACTION
### Violations of 42 U.S.C. § 1983
### Plaintiffs v. the Individual Police Officer Defendants

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     As a direct and proximate result of the above-described unlawful and malicious conduct of the individual Defendant police officers named herein, committed both in their respective individual capacities and under color of their authority as Philadelphia Police Officers, and while acting in that capacity, Plaintiffs suffered bodily harm, in violation of their rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. Section 1983.

43.     Plaintiffs were victims of unreasonable and excessive force and unlawful seizure and custody.  The force administered by the individual Defendants was grossly disproportionate to whatever the Plaintiffs' acts may have been, was unreasonable, grossly excessive, and deprived Plaintiffs of their rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and the laws and Constitution of the State of Pennsylvania.

44.     The Individual Defendant police officers subjected Plaintiffs to these deprivations of their rights unreasonably, with a reckless disregard for whether Plaintiffs' rights would be violated by their actions and/or by actions that shock a reasonable person's conscience.

45.     The Individual Defendant police officers also conspired with one another under color of state law to deprive Plaintiffs of their constitutional and civil rights by, among other things:

        a.     Using excessive and unnecessary force against Plaintiffs;

        b.      Detaining Plaintiffs without probable cause;

c.     Falsely arresting Plaintiffs;

d.     Falsely imprisoning Plaintiffs;

e.     Depriving Plaintiffs of their constitutional right to due process;

f.     Depriving Plaintiffs their constitutional right to equal protection of the laws;

g.     Physically harming Plaintiffs;.

h.     Misrepresenting the facts and circumstances of Plaintiffs' unnecessary and unlawful arrest, abuse, and detention in official reports and otherwise.

46.    As a direct and proximate result of the acts and omissions of the Individual Defendants, Plaintiffs suffered injuries, were forced to endure great pain and mental suffering, were deprived of their physical liberty, and suffered a loss in income and earning capacity, all to Plaintiffs' great detriment and loss.

47.    Plaintiffs are entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. Section 1988.

**SECOND CAUSE OF ACTION**
**Violations of 42 U.S.C. § 1983**
**Plaintiffs v. All Defendants**

48.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.    The conduct of the Individual Defendants, as set forth herein, deprived Plaintiffs of their right to be secure in their persons and to be free from unwarranted use of force, to the due process of law, to the equal protection of the laws (to the extent that actions may have been against Plaintiffs based upon a membership in a protected class), and otherwise violated Plaintiffs' rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

50.     The conduct of Defendants, as set forth herein, constitutes conduct under the color of state law which subjected, resulted and otherwise caused a loss or deprivation of Plaintiffs' rights as secured by the laws of the United States and the laws of the state of Pennsylvania and their respective Constitutions.

51.     The conduct of Defendants evidences a custom, policy, pattern, and/or practice of violating the rights of citizens, a deliberate indifference to the rights of citizens and to the duties and responsibilities imposed upon Defendants as law enforcement officials, the use of excessive force, the making of unlawful arrests, official oppression, and the general abuse of police powers.

52.     The conduct of Defendants demonstrates that Defendant City of Philadelphia and its respective agents:

     i.   Failed properly to screen, and otherwise to hire and employ, persons as police officers who are psychologically fit and otherwise fit;

    ii.   Failed to train and supervise the officers, supervisors and managers they employ;

  iii.   Failed to implement appropriate policies, practices and procedures, including, but not limited to, policies, practices, and procedures concerning arrests and the use of force;

   iv.   Failed to properly train and supervise officers, supervisors, and managers with respect to preventing and reporting the misconduct and unlawful conduct of other officers, supervisors, and managers;

    v.   Failed to take appropriate disciplinary action against those officers, supervisors, and managers who violate the laws and the rights of citizens of the Commonwealth of Pennsylvania and the United States;

   vi.   Failed to restrain the use of excessive force, and to have clear, concise, and appropriate directives regarding same;

  vii.   Failed properly to train, test, and/or select its officers;

 viii.   Failed to have clear, concise, and appropriate police directives;

     ix.  Failed to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective action at all levels of the Philadelphia Police Department;

     x.  Failed to have proper counseling, use of force retraining, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of its police department who have prior and ongoing complaints of excessive force.

53.    As a direct and proximate result of Defendants' conduct, as described herein, Plaintiffs have suffered severe and permanent physical and psychological injuries, including, but not limited to, severe physical pain and suffering, severe emotional distress, and mental anguish, all of which will continue indefinitely into the future.

54.    Plaintiffs are entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. Section 1988.

### THIRD CAUSE OF ACTION
### Violations of 42 U.S.C. §§ 1983 and 1986
### Plaintiff v. the Individual Police Officer Defendants

55.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56.    The Individual Defendants, both in their individual and official capacities, had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiffs, but neglected and failed to prevent said wrongful and illegal acts when they had the power and statutory obligation to do so.

57.    Defendants' neglect, aid and refusal to prevent and/or rectify infringement of the constitutional rights of Plaintiffs constitutes a violation of the Civil Rights Act, Section 1986.

58.    As a proximate and direct result of the above mentioned acts, Plaintiffs have been damaged and have suffered severe and permanent injuries and were forced to endure extreme

pain, suffering and emotional distress, as well as mental anguish stemming from the deprivation of their rights.

## FOURTH CAUSE OF ACTION
### Violations of 42 U.S.C. §§ 1983 and 1985
### Plaintiff v. the Individual Defendant Police Officers

59.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

60.     At all times relevant herein, the Individual Defendants did conspire to deprive Plaintiffs of their constitutionally and statutorily guaranteed rights pursuant to the Fourth and Fourteenth Amendment.

61.     At all times relevant herein, the Individual Defendants further conspired to conceal the deprivations of liberties set forth above.

62.     These conspiracies constituted and continue to constitute ongoing violations of 42 U.S.C. Section 1985.

63.     As a direct and proximate cause of the Individual Defendants' unlawful conspiracy to deprive them of their aforesaid rights, Plaintiffs have and continue to suffer the damages set forth herein.

**WHEREFORE**, Plaintiff prays that the Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting the use of excessive force and unlawful seizures;

B.     Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all past lost earnings, lost future earnings, and lost earning capacity;

C.     Plaintiffs are to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.      Plaintiffs are to be awarded punitive damages as permitted by applicable law (as

against the individual defendants only – and only in their individual capacities), in

an amount believed by the Court or trier of fact to be appropriate to punish

Defendants for their willful, deliberate, malicious, and outrageous conduct and to

deter Defendants or other individuals from engaging in such misconduct in the

future;

E.      Plaintiffs are to be accorded other equitable and legal relief as the Court deems

just, proper, and appropriate;

F.      Plaintiffs are to be awarded the costs and expenses of this action and reasonable

attorney's fee as provided by applicable federal and state law.

G.      The Court is to maintain jurisdiction of this action after verdict to ensure

compliance with its Orders therein.


                              Respectfully submitted,

                              KOLMAN ELY, P.C.


                    By:    /s/ Timothy M. Kolman, Esquire
                           Timothy M. Kolman, Esquire
                           Wayne A. Ely, Esquire
                           Attorneys for Plaintiffs
                           414 Hulmeville Avenue
                           Penndel, PA 19047
                           (215) 750-3134

November 18, 2010